J-S02022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DARNELL TRUESDALE | : | |
| | : | |
| Appellant | : | No. 959 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 16, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000015-2016

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY OLSON, J.:                **FILED: FEBRUARY 28, 2023**

Appellant, Anthony Darnell Truesdale, appeals from the judgment of sentence entered on June 16, 2022, following the revocation of his probation. Because the trial court imposed an illegal sentence, we vacate the judgment of sentence and remand for resentencing.

We briefly set forth the facts and procedural history of this case as follows. In December 2016, Appellant pled guilty to possession with intent to deliver narcotics and conspiracy.[1] He was sentenced to 18 to 60 months of incarceration, followed by five years of probation. At a hearing held on June 16, 2022, Appellant admitted to violating probation. From the bench at that proceeding, the trial court orally imposed a sentence "of not less than 364 days nor more than 72**9** days" of incarceration. N.T., 6/16/2022, at 7

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903.

(emphasis added). As explained in a subsequent opinion pursuant to Pa.R.A.P. 1925(a), however, the trial court entered a written sentencing order on the same day as the revocation hearing, but "listed an incorrect, and illegal sentence of 364 to 72**4** days" of imprisonment." Trial Court Opinion, 9/15/2022, at 3. The trial court recognized that it was required to "impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." *Id.*, *quoting* 42 Pa.C.S.A. § 9756(b)(1). As such, the trial court stated, "[i]t is patently clear that the sentence indicated on the sentencing order violates [Section 9756]." *Id.* The trial court did not recognize this error until after Appellant filed his notice of appeal and the time for modifying patent mistakes had expired. *Id.* at 4, *citing* 42 Pa.C.S.A. § 5505 ("[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). As such, "recognizing the error in the order[,]" the trial court "request[s] that [this] Court remand the matter [] for correction of the error consistent with the sentence imposed at the hearing."[2] *Id.*

We adhere to the following standards:

> The legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*. Because the

---

[2] On appeal, the Commonwealth concedes "the trial court inadvertently imposed an illegal sentence in the instant case, and the case should be remanded for resentencing consistent with the intention of the trial court." Commonwealth's Brief at 12.

legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated.

***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 889–890 (Pa. Super. 2019) (citations, quotations, and ellipses omitted). Section 9756 provides, in pertinent part, "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1). This Court has previously determined that "[f]ailure to ensure that the minimum sentence is not greater than half the maximum, in violation of 42 Pa.C.S.A. § 9756(b)" constitutes an illegal sentence. ***Commonwealth v. Jacobs***, 900 A.2d 368, 373 (Pa. Super. 2006) (citations omitted). Finally, we note that our Supreme Court has held that "[i]n Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." ***Commonwealth v. Borrin***, 80 A.3d 1219, 1226 (Pa. 2013) (citation omitted).

Here, there is no dispute that the written sentencing order imposing a sentence of 364 days to 764 days of incarceration is illegal because the minimum sentence exceeds half the maximum. Hence, Appellant is entitled to relief. Moreover, because we are remanding this case for resentencing, we need not address Appellant's second issue challenging the discretionary aspects of his sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023